## MURPHY v. CADY.

1. EVIDENCE—DOCUMENTS—CERTIFIED COPIES—ADMISSIBILITY.

Exemplified copies of pension vouchers executed more than 30 years ago, made pursuant to section 882, U. S. Rev. Stat., prove themselves and are admissible in evidence as though they were originals, though there is no proof of the handwriting of the signer of them.

2. SAME—ANCIENT DOCUMENTS—LACHES.

The rule admitting ancient documents in evidence without proof of their execution is not qualified by any exception in respect to the laches of the party relying upon them.

3. LIMITATION OF ACTIONS—DEATH OF PARTY—ADMINISTRATION.

Where a guardian died in 1876 and no administrator was appointed until complainant procured defendant's appointment in 1899, complainant's bill, filed in 1900, for an accounting of the guardian's doings, is not barred by the statute (§ 9737, 3 Comp. Laws).

4. EQUITY—LACHES.

Where a guardian died in 1876 and his ward did not learn of her rights until 1897, when she immediately began negotiations with the guardian's heirs, and procured the appointment of an administrator in 1899, and filed her bill for an accounting in 1900, she was not guilty of laches.

5. COSTS—REVERSAL—DEFENSE NOT MADE BELOW.

Where a surety on a guardian's bond did not plead the statute of limitations below, but denied that he was ever a surety on the bond, and it appears that limitations constitute a complete defense, no costs will be awarded in his favor on remanding the cause with permission to him to amend his answer.

Appeal from St. Clair; Tappan, J. Submitted February 8, 1906. (Docket No. 113.) Decided July 9, 1906.

Bill by Barbara C. Murphy against Burt D. Cady, administrator of the estate of Patrick Butler, deceased, and James Butler, for an accounting. From a decree dismissing the bill complainant appeals. Reversed.

*Bernard B. Selling* and *James A. Muir*, for complainant.

*Avery & Walsh*, for defendants.

Montgomery, J.  This is a bill for an accounting. The bill alleges that complainant is the daughter of one Samuel Connolly, who died a widower prior to the 7th day of April, 1870; that said Samuel Connolly was a soldier of the United States in the war of the Rebellion, and that his minor children were entitled to receive a pension from the United States; that said Connolly left surviving heirs complainant and two sisters, who constituted his family, and that each was entitled to participate in such pension; that Patrick Butler was, on the 7th day of April, 1870, duly appointed guardian of the complainant and her two sisters and of their estates; that defendant James Butler was surety on the bond of Patrick Butler, given as such guardian; that pension money belonging to complainant was received by Patrick Butler prior to January 1, 1873, amounting, in the aggregate, to $265.91 (the items are given); that Patrick Butler departed this life on the 8th of December, 1876; that no administration was had of his estate until on complainant's application Burt D. Cady was, on the 11th of December, 1899, appointed administrator.

The bill further sets out that until late in the spring of 1897 complainant knew nothing of the guardianship matter, and did not know that the United States government had ever paid a pension for her benefit; that it was claimed by James Butler that Patrick Butler had in his lifetime expended certain moneys on complainant's behalf. The complainant offers to allow any sum found to have been properly so expended, if any, and prays an accounting.

Separate answers were filed. Both answers aver laches. The administrator denies, on information and belief, the statement that Patrick Butler received pension moneys belonging to complainant, and also sets out that Patrick Butler expended a considerable sum of money and furnished board and clothing to complainant. In support of

the claim of laches, it is set up that complainant knew that Patrick Butler was her guardian many years before, and that he received pension moneys for her. The answer also sets up the claim that in 1880 James Butler settled with complainant and took an assignment of any claim she held against the estate of Patrick Butler. The answer of James Butler also sets out this alleged settlement. The case came on for trial in open court. At the close of complainant's testimony, the defendants asked that the bill be dismissed, and it was so ordered. Complainant appeals.

The court decided the case for the defendant on the ground that no evidence had been adduced showing that the pension moneys were received by Patrick Butler. The complainant introduced exemplified copies of pension vouchers, made pursuant to section 882, U. S. Rev. Stat. The circuit judge seems to have been of the opinion that this certificate entitled the receipts purporting to be signed by Patrick Butler to be treated as originals, but held that, as there was no proof of the handwriting of the signer of the original, the complainant failed in her proof, and that she could not invoke the rule as to ancient documents because she had waited so long a time before attempting to assert her rights. The view that this authentication is to be treated as though the original were produced, is well supported by the cases of *Lacey* v. *Davis*, 4 Mich. 140; *Clark* v. *Hall*, 19 Mich. 356; *Gilman* v. *Riopelle*, 18 Mich. 145; *Tillotson* v. *Webber*, 96 Mich. 145; *Hunt* v. *Order of Chosen Friends*, 64 Mich. 671.

We need not determine whether the certified copy of the receipt would, in a case where it did not stand as a representative of an ancient document, be sufficient evidence of the due execution of the receipt, for we know of no such qualification of the rule in favor of admitting ancient documents as that made by the circuit judge. The question is whether this document, produced from a source which is an eminently proper one, and consistent with its validity and genuineness, proves itself. If the complainant has been guilty of such laches as bars her from any remedy on the case made, that is another mat-

ter. Nor is this testimony unsupported. The answer assumes that certain pension money, belonging to complainant, was received by Patrick Butler, and the appointment of Patrick Butler was petitioned for for the very purpose of collecting this pension. Complainant was not barred of her action by the statute. 3 Comp. Laws, § 9737; *Field* v. *Loveridge*, 114 Mich. 220. Nor does the record as made show that she was guilty of laches. The deceased Patrick Butler was a trustee. He rendered no account to his ward or to the court, and according to her testimony she had no knowledge of her rights until 1897, and then immediately began negotiations with the parties interested.

The point is made in this court, on behalf of the defendant James Butler, that the statute, 3 Comp. Laws, § 8727, bars action against him after four years from the death of Patrick Butler. This is true. See *Perkins* v. *Cheney*, 114 Mich. 570. It does not, however, appear that this point was made in the court below. On the contrary, the answer of James asserts that he never was surety on Patrick Butler's bond. We think, under these circumstances, he should not recover costs of this court.

We do not think defendant should be fully cut off from any defense open. The decree will be reversed, and a decree entered in favor of complainant, adjudging that she is entitled to recover from the estate of Patrick Butler the amount of this pension money, less such payments and expenditures as may be shown, unless it shall be found that she has discharged or assigned her claim, freely and without fraud being practiced upon her, and the case will be remanded for further proceedings.

As the case must be remanded, the defendant James Butler will be permitted to amend his answer to set up the statute of limitations. The complainant will recover the costs of this court against the estate, the costs of the court below to abide the event.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.