HATT *v.* GREEN.

1. WILLS—LEGACIES—GRANDCHILDREN.

Under a will bequeathing to the daughter of testator a stated sum and giving to her children, mentioned by name, the sum of one thousand dollars, a son of the daughter born after the will was executed received no share of the property and took nothing by the will.

2. SAME—JUDGMENT—CONCLUSIVENESS.

Where the grandson was a party to proceedings in which the will was construed and he took no appeal, the decree was binding on him in another suit in which his rights under the will were involved.

3. SAME—TRUSTEES—GOOD FAITH—ACCOUNTING.

The will having conveyed certain land or its value to decedent's grandchildren at their majority, and the evidence showing that the trustees of his estate paid the eldest his proportionate share when he became of age, they should be held to have elected to keep the lands and treat the appraised value of the realty as a fixed trust fund in their hands to be invested and accounted for to the beneficiaries.

4. SAME—TRUSTS—INFANTS—ELECTION OF RIGHT OR REMEDY.

By dealing with the minors interested in the estate about as the trustees saw fit, stating 'that a certain sum rep-

resented their several shares in the estate and demanding a formal release on payment of that amount, from the infant beneficiaries as they became of age, the trustees must be construed as having elected to retain the real property described in decedent's will at its appraised value subject to the interest of the other devisees and legatees.

5. LIMITATION OF ACTIONS—TRUSTS—EXPRESS TRUSTS.
The bar of the statute of limitations does not operate between trustee and *cestui que trust* of an express trust, and no length of time is a bar to an accounting. Time does not run until a repudiation or adverse possession by the trustee with notice on the part of the beneficiary.

Appeal from Bay; Collins, J. Submitted January 7, 1914. (Docket No. 2.) Decided June 1, 1914.

Bill by Milo Hatt and others against William Green and others for an accounting and other relief. From a decree for defendants, complainants appeal. Reversed.

*Weadock & Duffy* and *E. S. Clark*, for complainants.

*Roy E. Brownell (John E. Kinnane*, of counsel), for defendant William Green.

One George Green, grandfather of the complainants and father of defendant William Green, died January 1, 1899, leaving a last will and testament, the material provisions of which follow:

*"First:* I will and bequeath to my daughter, Mary Ann Hatt, five thousand dollars to be paid to her out of my personal estate by my executors at any reasonable time after my decease, and to her children I will and bequeath one thousand dollars out of my personal estate and four lots of land of eighty acres each lot, more or less, as laid out by government survey, situate and laying in the township of Monitor, Bay county, Michigan, or the value of said lands, the value to be taken at or as soon after her oldest living child becomes of the age of twenty-one years, said value in

aggregate and said money, viz.:   One thousand dollars making a total aggregate value of land and money to be divided equally according to the number of her children then living giving to each as they attain their majority their share with the accruing interest, *i. e.*, to George H. Hatt (Mary Ann Hatt, my daughter's oldest child) to Ellen J. Hatt, to Milo Hatt, to Merwin Hatt, to Walter Hatt, to Alfred Hatt, to Sarah A. Hatt, to Wade E. Hatt and to Governor Hatt, the youngest now of her children, each to receive dollar for dollar of said aggregate value of money and lands, and should any of her children die subsequent to the real or appraised value of said lots of land in section number nine in the township of Monitor aforesaid, such deceased child's share to be divided equally these already of age.

* * * * * * *

"*Fifth:*   I give and bequeath to my sons, William and James all the rest and residue of my real estate, title deeds of which have been given, viz.:   To William Green the west half of the northwest quarter of section number twenty-five and the south half of the southwest quarter of section number twenty-four, north range five east in the county of Livingston and State of Michigan, and to my son, James Green, the southeast quarter of section number twenty-six township four north range five east in the county of Livingston and State of Michigan except two acres on the southeast corner.

"*Sixth:*   I also give and bequeath to my sons, William and James, all the rest of my property, personal, including notes, interest in and belonging to all mortgages of real estate and chattels and revenues belonging appertaining to the same, after paying the several legacies herein aforesaid, and in the manner stated from the personal hereby bequeathed to them and I do hereby nominate and appoint the said William Green and James Green, my two sons to be the executors of this my last will and testament."

Shortly after the death of George Green, his sons, as executors, secured a judicial construction of the first section of said will. The important part of the decree follows:

"And it further appearing to this court that the said George Green in his lifetime, and after the execution of his said will, made, executed, and delivered to Ellen J. Hart (before her marriage Ellen J. Hatt) one of the grandchildren of the said George Green, mentioned in said will, a warranty deed, wherein and whereby he conveyed to said Ellen J. Hart in fee a portion of said last-named four lots of land, to wit, the E. ½ of the W. ½ of the N. E. ¼ of section No. 9, in the township of Monitor, Bay county, Mich., and that the purpose and intention of the said George Green in so conveying said land to Ellen J. Hart was to satisfy the provision of his said will so far as the same concerned and benefited the said Ellen J. Hart.

*      *      *      *      *      *

"It is further ordered, adjudged, and decreed that the said defendant Rollo Hatt, having been born after the making of his said will by the said George Green, deceased, and not being specifically mentioned in said will, is not one of the devisees or legatees therein, and is not entitled to any of the estate of the said George Green, deceased.

"It is further ordered, adjudged, and decreed that the defendants George Hatt, Ellen J. Hart, Milo Hatt, Merwin Hatt, Walter Hatt, Alfred Hatt, Sarah A. Hatt, Wade E. Hatt, and Governor Hatt, children of Mary Ann Hatt and grandchildren of the said George Green, are, by the terms of said will, entitled to the sum of $1,000 in the aggregate from the personal property of said George Green, deceased, the same to be equally divided between them, share and share alike, payment to such of said defendants as are now of age to be made immediately, and the balance of said shares to be paid, by said executors to each of said defendants entitled thereto, on his or her attaining the age of 21 years, together with all accrued interest thereon from the investment of said shares at interest by said executors, which investment the said executors are required to make; all interest obtained thereby by said executors on said shares after the date of this decree to belong to and to be paid to said defendants, respectively, with the principal as aforesaid, on their becoming 21 years of age. Provided, however, in case any of said children should die before reaching the age of 21 years subsequent to the ap-

praisal of the land hereinafter mentioned, the share belonging to said child both principal and interest to belong and be immediately paid over to such of the said children as shall then have attained the age of 21 years, share and share alike. It is further ordered, adjudged, and decreed that the first section of the will of said George Green, wherein he wills and bequeaths to the children of his daughter Mary Ann Hatt four lots of land of 80 acres, each lot more or less as laid out by government survey situate and lying in the township of Monitor, Bay county, Mich., or the value thereof, refers to and disposes of the W. ½ of the N. E. ¼; the W. ½ of the S. E. ¼; the E. ½ of the N. W. ¼, and the E. ½ of the S. W. ¼, all of section No. 9 in township No. 14 north of range No. 4 east, containing 320 acres of land according to the United States survey, and to no other land whatever; that by the warranty deed executed on the 23d day of June, A. D. 1888, by George Green to Ellen J. Hart (before her marriage Ellen J. Hatt) one of said defendants conveying the E. ½ of the W. ½ of the N. E. ¼ of said section No. 9, containing 40 acres of land, more or less, the said George Green, deceased, satisfied the provisions of his said will as to said lands, so far as it concerns the said Ellen J. Hart, and that the said Ellen J. Hart has no interest in any real estate of the said George Green, nor in the value of any such real estate other than that conveyed to her by said deed aforesaid in his lifetime; that it was the intention of the said George Green in and by his said will, and the section thereof under consideration, to set the balance of said four lots of land herein above described apart, and the same is hereby set apart as and for a fund for the benefit of the other children of said Mary Ann Hatt, to wit, George H. Hatt, Milo Hatt, Merwin Hatt, Walter Hatt, Alfred Hatt, Sarah A. Hatt, Wade E. Hatt, and Governor Hatt; that in and by the terms of said will the title to said land, to wit, the W. ½ of the W. ½ of the N. E. ¼, the W. ½ of the S. E. ¼, the E. ½ of the N. E. ¼, and the E. ½ of the S. W. ¼ of section No. 9 in the said township of Monitor aforesaid vested in the executors of the will of the said George Green, *in fee in trust, however,* for the purposes of said will and the benefit of the last aforesaid named children of the said Mary

Ann Hatt, as follows: That the said executors should cause the said lands last above described to be appraised at their true value as soon as convenient after the oldest child of the said Mary Ann Hatt should reach the age of 21 years, and that as soon as the said children of the said Mary Ann Hatt, to wit, George Hatt, Milo Hatt, Merwin Hatt, Walter Hatt, Alfred Hatt, Sarah A. Hatt, Wade E. Hatt, and Governor Hatt, should respectively attain the age of 21 years the said executors should deliver over and convey to each of said children, respectively, his or her *pro rata* one-eighth part thereof according to value, or that, instead of so delivering over and conveying to said children, respectively, each his or her *pro rata* part of the land itself, the said executors might and may at their option sell and convey said lands in fee to some other party or parties, and out of the proceeds to pay to each of said children, respectively, when he or she should arrive at the age of 21 years, the one-eighth part of the value of said lands as appraised *with such interest as shall accrue* thereon by being properly loaned (which the said executors are required to cause to be done in case they should deed or sell the land instead of delivering it over or conveying the land itself). In case, however, any of said children should die subsequent to the said appraisal of said land as aforesaid, and before reaching the age of 21 years, the share so going to such child, together with accrued interest thereon, in case the share shall have been sold, to be paid to and equally divided among such of said children as shall then have reached the age of 21 years, such appraisement of said lands to be made under the direction of the probate court for the said county of Livingston. It is further ordered, adjudged, and decreed that the first clause of the will mentioned and set forth in the bill of complaint in this cause is hereby construed by this court in the manner and to the effect hereinbefore set out in this decree."

In accordance with the mandate of said decree, defendant William Green and his coexecutor caused an appraisal of said lands to be made on June 3, 1891, as follows:

|                                                                                       | Appraised Value. |        |
|                                                                                       | Dollars.         | Cents. |
| The west half of the west half of the northeast quarter, sec. 9, 40 acres...............  $ | 600              | 00     |
| The west half of the southeast quarter, sec. 9, 80 .......................................... |  1,200           | 00     |
| The east half of the northwest quarter, sec. 9, 80 .......................................... |  1,200           | 00     |
| The east half of the southwest quarter, sec, 9, 80 .......................................... |  800             | 00     |
|                                                                                       | $3,800           | 00     |

Following this the executors settled with each of the children of Mary Ann Hatt at or near the time they severally became of age. Touching the complainants the settlements were made as follows:

|               | Born.         | Reached Majority. | Date of Settlement. |
|---------------|---------------|-------------------|---------------------|
| Milo Hatt...  | Mar. 26, 1870. | Mar. 26, 1891.    | May,       1891.    |
| Alfred Hatt.  | Apr. 2, 1877.  | Apr. 2, 1898.     | May 14, 1898.       |
| Wade Hatt..   | Jan. 24, 1881. | Jan. 24, 1902.    | Feb. 26, 1902.      |
| Rollo Hatt..  | Nov. 1, 1885.  | Nov. 1, 1906.     | Had no interest.    |

In each case the executors took from the beneficiary a receipt and release in the following terms:

"Received of Wm. Green and Jas. Green, executors of the last will and testament of George Green, deceased, four hundred seventy-five dollars, it being my one-eighth of the appraised value of the west half of the west half of the northeast quarter, the west half of the southeast quarter, the east half of the northeast quarter, and the east half of the southwest quarter of section number nine in the township of Monitor, Bay county, Michigan, and this receipt is intended by me to release the said Wm. Green and Jas. Green, as such executors from all and any further liability to me in consequence of and for my interest in said above described lands and in the proceeds from the sale of said lands under the will of George Green, deceased, and under the decree of thé circuit court for the county of Livingston, in chancery, in the matter of interpreting the provisions of said last will and testament and do hereby receive the above-named sum of money

as payment in full for all my interest in the said estate of said George Green, deceased, under the terms of the said will and the said decree and otherwise.

"Dated this 12 day of March, A. D. 1904.

"Governor D. Hatt.

"Signed, sealed and delivered in the presence of L. H. Berry. L. W. Edwards.

"Dated the 12 day of March, A. D. 1904.

"Received of Wm. Green and Jas. Green, executors of the last will and testament of George Green, deceased, one hundred dollars, it being my portion of the money left the children of Mary Ann Hatt, mentioned in said will.

"Governor D. Hatt.

"Signed, sealed and delivered in the presence of L. H. Berry. L. W. Edwards."

On March 7, 1893, William Green and James Green sold the W. ½ of the N. W. ¼ of section 9 for the sum of $1,800. The title to the balance of the land remains as it was fixed by the will. Complainants pray for an accounting against William Green and for his removal as trustee. The other defendants appear to have no beneficial interest in the litigation. A decree having been entered dismissing the bill, complainants appeal.

BROOKE, J. (after stating the facts). It must be held that complainant Rollo Hatt took nothing under the will of his grandfather. His mother's children were described by name in the will before his birth, and he was a grandson, not a son, of the testator. Moreover, he was a party to the proceeding in which the will was construed and his rights determined. No appeal was taken from that decree, and it stands as the law of the case.

We are satisfied that the appraisal of 1891 was fair. It was made by a supervisor and an ex-supervisor of the township, and it remained on file in the probate court unquestioned by complainants for upwards of 20 years. In the meantime the executors paid the taxes upon the land and it was drained. It undoubt-

edly increased in value, particularly within the past 10 years. We are unable to discover any fraud or gross undervaluation in the appraisal. Assuming that defendant William Green and his coexecutor had the right to elect to keep the land and pay its appraisal value to the children of Mary Ann Hatt, a conclusion perhaps warranted by the terms of the decree construing the will and the opinion upon which the decree was based, have they discharged their obligations to complainants? It is obvious that it was the intention of the testator to create a fund (either land or money) for the benefit of complainants and their brothers and sisters.

The fact that the will commanded an appraisal and distribution of the fund from time to time *with interest* imposed the duty upon the executors and trustees of turning over the land with its unearned increment to the beneficiaries from time to time as they became of age, or of investing the fund represented by the appraisal valuation for the benefit of the beneficiaries, so that when each reached his majority, he should receive his share, plus the interest earned thereon during his minority. Neither course was followed by the trustees.

We are satisfied that when the eldest child became of age and the trustees paid to him his proportionate share of the appraisal value of the lands, they should be held to have made an election to keep the lands and to treat the appraised valuation as fixing the amount of a trust fund in their hands which, both under the will and the decree, they were bound to keep invested for the benefit of their *cestuis que trustent.* A careful reading of the record convinces us that the trustees dealt with the complainants about as they pleased. They told each one that the sum of $475 represented his share of the estate to which he was entitled, and demanded and secured a formal release.

The several transactions occurred when each of the complainants was barely 21 years of age, country boys, and presumptively ignorant of their legal rights.

The learned circuit judge held that any claim which complainants might have was barred by the statute of limitations. In this case we think he was in error.

In 2 Perry on Trusts and Trustees (6th Ed.), § 863, it is said:

"As between trustee and *cestui que trust*, in the case of an express trust, the statute of limitations has no application, and no length of time is a bar. Against an express and continuing trust time does not run until repudiation or adverse possession by the trustee and knowledge thereof on the part of the *cestui*."

See, also, *Jones* v. *Home Savings Bank*, 118 Mich. 155 (76 N. W. 322, 74 Am. St. Rep. 377); *Murphy* v. *Cady*, 145 Mich. 33 (108 N. W. 493), and *Russell* v. *Huntington Nat. Bank*, 162 Fed. 868, 89 C. C. A. 558.

The decree of the court below is reversed, and a decree will be entered in this court confirming the title to the lands in question in defendant William Green and the heirs of his cotrustee, but providing for an accounting against said defendant William Green in which he shall be charged with interest upon each share paid complainants from the time settlement was made with the oldest child, at which time the trustees must be held to have made their election. Complainants will recover costs of both courts.

MCALVAY, C. J., and KUHN, STONE OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.