227 F.2d 199
 Anita Marie POPEJOY, individually and as next friend for Barbara Dianne, Michael Ray, Gary Edward and Dona Marie, minors, Appellants,
v.
Carl MARTIN and John Leffingwell, Jr., Appellees.
 No. 15530.
 United States Court of Appeals Fifth Circuit.
 November 23, 1955.
 
 Clair F. Achenbach, Dallas, Tex., for appellants.
 Royal H. Brin, Jr., Henry W. Strasburger, Hobert Price, Dallas, Tex., for appellees.
 Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The suit was for damages for the death of plaintiff's husband and injuries to her self, sustained in a highway collision between defendants' truck and plaintiff's automobile.
 
 
 2
 The claim was that the defendants were, in the several particulars pleaded, guilty of negligence which proximately caused the collision and resulting damages. The defenses were, a denial that defendants were negligent, contributory negligence on the part of plaintiff's decedent, the driver of the car, in suddenly crossing over onto defendants' side of the highway, and unavoidable accident.
 
 
 3
 Upon the issues thus joined and without any objection being made or taken by plaintiff under Rules 46 or 51, Rules of Civil Procedure, 28 U.S.C.A., or otherwise, the cause was tried to a jury, and, defendants' motion for an instructed verdict denied, there was a jury verdict and judgment for defendants.
 
 
 4
 Appealing from that judgment, plaintiff is here insisting in effect that the general manner and method of trial, the charge of the court, and the result are inconsistent with substantial justice, and the judgment must be reversed and the cause remanded for trial anew.
 
 
 5
 The appellees, calling to our attention that there was not a single complaint of any portion of the court's charge, and that no request for instructions was made by plaintiff in the trial court, insist that the appeal presents nothing for review by us. In addition, insisting that the record contains no testimony raising any issue of fact to be submitted to the jury, they urge upon us that a verdict should have been instructed for defendants.
 
 
 6
 Without considering the second point further than to say of it that a reading of the record certainly rebuts appellant's claim that the verdict and judgment for defendants represent a miscarriage of justice requiring a reversal, we agree with appellees that there is no substance to the appeal and that the judgment must be affirmed.
 
 
 7
 Affirmed.