Elonzo BROOKS, Appellant,

v.

TEXAS GENERAL INDEMNITY COM-
PANY, Appellee.

No. 16726.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1958.

Robert F. Ashley, Leslie Jackson, Dallas, Tex., for appellant.

Webster Atwell, Walton Grayson, III, Dallas, Tex., for appellee.

Before CAMERON, JONES, and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

This appeal presents the question whether the court below erred in admitting in evidence appellant's "Veteran's Application for Compensation or Pension" in an action brought by him against his employer's insurer (appellee) under the Texas Workmen's Compensation Act [1] resulting in judgment upon jury verdict in favor of appellee. Appellant objected to the introduction of the document solely on the ground that it was not sufficiently identified. In his argument before us, he urges the additional objection that some of its contents were inadmissible as hearsay.

The application appellant had filed with the Veterans' Administration was produced from the files of its regional office by a representative of the Chief Attorney's Office, who testified that he

[1]. Revised Civil Statutes of Texas, § 8306 et seq.

had "supervision, control and access to the records of that office \* \* \*." He testified further that the authentication of the document was in line with established practices maintained in the Veterans' Administration. We think that the document was sufficiently established as a part of the records of this government department to make it admissible both under federal[2] and state[3] law.

■ Under well established principles, we do not think that appellant is entitled to raise before us the question of whether portions of this document furnished hearsay evidence,[4] as the court below was not asked to rule on the competence of the contents of the documents in Knight v. Loveman, Joseph & Loeb, Inc., 1954, 5 Cir., 217 F.2d 717, 719, we stated: "Now, and for the first time on this appeal, appellant seeks to raise the objection that the [application] was inadmissible as hearsay. We agree that this is so but this court only reviews errors, if any, that are committed by the trial court and the infirmity of plaintiff's position lies in the fact that [he] did not provoke a ruling below on this ground of objection. It is fundamental that where an objection is specific it is deemed to be limited to the ground or grounds specified \* \* \* This has long been the practice in federal courts \* \* \*"[5].

■ Finally, appellant fails to show that he was prejudiced in any way by the admission of this document,[6] whose contents were wholly cumulative. The judgment of the court below is, therefore,

Affirmed.

2. 28 U.S.C.A. § 1732; and cf. Smith v. Fort Worth and Denver City Railway Co., 5 Cir., 1955, 219 F.2d 43.

3. Vernon's Annotated Civil Statutes, Art. 3737e; and cf. American General Insurance Co. v. Dennis, Tex.Civ.App.1955, 280 S.W.2d 620, 621–622; Thompson v. Robbins, Tex.Civ.App.1956, 297 S.W.2d 247, 253; Jackson v. State, 1953, 159 Tex.Cr.R. 228, 262 S.W.2d 499, 501; and Leonard v. State, 161 Tex.Cr.R. 470, 278 S.W.2d 313, 314.

4. Rule 46 Fed.Rules Civ.Proc., 28 U.S. C.A.: "\* \* \* it is sufficient that a party \* \* \* makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor \* \* \*"

5. Cf. also General Accident Fire & Life Assurance Corp. v. Zapel, 5 Cir., 1956, 231 F.2d 917, 921, footnote 4; Popejoy v. Martin, 5 Cir., 1955, 227 F.2d 199; Fort Worth and Denver Railway Company v. Harris, 5 Cir., 1956, 230 F.2d 680, 682; American Fidelity & Casualty Co. v. Drexler, 5 Cir., 220 F.2d 930, 934; and Employers Mutual Casualty Co. v. Johnson, 5 Cir., 1953, 201 F.2d 153, where we applied the rule to a case arising in Texas.

And see, as establishing the same rule under Texas decisions, Dabney v. Keene, 1946, Tex.Civ.App., 195 S.W.2d 682, 684; Seymour v. Texas & N. O. R. Co., 1947, Tex.Civ.App., 209 S.W.2d 814, 816; and Coca Cola Bottling Co. of Fort Worth v. Tannahill, 1950, Tex.Civ.App., 235 S.W.2d 224, 225.

6. Rule 61 F.R.C.P., and cf. Indiviglio v. United States, 5 Cir., 1957, 249 F.2d 549.