**Lathall D. LANGSTON, Appellant,**

v.

**Donald E. JOHNSON et al., Administrator of Veterans Affairs.**

**No. 71–1269.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 24, 1972.

Decided May 3, 1973.

Alan Dranitzke, Washington, D. C., for appellant. David Rein, Washington, D. C., was on the brief, for appellant.

Michael H. Stein, Atty., Dept. of Justice, with whom L. Patrick Gray, III, Asst. Atty. Gen., at the time the brief was filed, Thomas A. Flannery, U. S. Atty., at the time the brief was filed and Alan S. Rosenthal, Atty., Dept. of Justice, were on the brief, for appellee.

Before DANAHER, Senior Circuit Judge, and ROBINSON and WILKEY, Circuit Judges.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

In 1952, the Administrator of Veterans. Affairs terminated a 1944 award of monthly disability compensation benefits in favor of appellant, a World War II veteran. The ground assigned for the revocation was a new determination, contrary to the old, that appellant's disability was unrelated to his military service, and that the award "involve[d] a clear and unmistakable error." In 1968, appellant brought suit in the District Court seeking a judgment declaring the Administrator's action null and void, and directing the restoration of compensation from the date on which it had been discontinued. Appellant's complaint alleged that the Administrator's underlying conclusion that the disability was not service-connected was without supporting evidence. For those reasons, the complaint charged, the termination deprived appellant of compensation without due process of law.

In answer to the complaint, the Administrator urged, *inter alia,* that the District Court lacked subject-matter jurisdiction of the action, a position unsustainable at the time. By this court's construction of the then provision of 38 U.S.C. § 211(a) rendering the Administrator's decisions on "claim[s]" for veterans' noncontractual benefits judicially unreviewable,[1] suits could be maintained for disability compensation terminated after having been previously awarded, as distinguished from compensation denied when originally claimed.[2] But while appellant's case was pending in the District Court, Congress amended Section 211(a) to eliminate that distinction and to put the Administrator's decisions in either category beyond the purview of the courts.[3] On that basis, the District Court dismissed appellant's action.

Appellant concedes that amended Section 211(a) deprived the District Court of jurisdiction to pass on the validity of the Administrator's 1952 determination on the merits. Indeed, our decision in de Rodulfa v. United States,[4] announced during the pendency of this appeal, made that crystal clear.[5] Apparently quite aware of his difficulty, appellant now points to the due process contention advanced in his complaint, and argues that the amended section did not and could not foreclose the District Court's power and responsibility to decide whether the Administrator had acted consistently with constitutional requirements.

The question appellant thus poses was not presented in *de Rodulfa,*

1. See 38 U.S.C. § 211(a) (1964).

2. *E. g.,* Tracy v. Gleason, 126 U.S.App.D. C. 415, 418–420, 379 F.2d 469, 472–474 (1967) (discussing earlier cases). See also de Rodulfa v. United States, 149 U.S. App.D.C. 154, 158–159, 461 F.2d 1240, 1245–1246, cert. denied, 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220 (1972).

3. As amended, the section provides:
On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.
38 U.S.C. § 211(a) (1970).

4. *Supra* note 2.

5. 149 U.S.App.D.C. at 161–169, 461 F.2d at 1247–1255.

which was devoid of any attack on the constitutional fairness of the administrative proceedings.[6] We perceive no call to address that question here for, on the record before us, appellant's thesis that the Administrator's action stands wholly without notice, hearing or supporting evidence remains unestablished. Constitutional issues are not to be resolved on hypothetical bases,[7] or otherwise in advance of strict adjudicative necessity.[8] We thus have no occasion to reach the due process issue appellant tenders.

Confronting the bare allegations of lack of notice, hearing and evidence in appellant's complaint is the unimpeached record of the administrative proceedings on his claim. That record discloses not only that appellant was advised of the termination of compensation which the Administrator contemplated, but also that he passed up an invitation to present countervailing evidence prior to the effective date of the Administrator's proposal.[9] Had he accepted that opportunity, the Administrator's answer declares, appellant would have secured a pre-termination hearing, and nothing impinging on the accuracy of that state-

ment appears.[10] The administrative record also reveals that appellant has been afforded four posttermination hearings on his claim for restoration of benefits, and that appellant was present at all of these hearings and was represented by counsel at least at two.[11] On each of these occasions, the decision was adverse to appellant and, taken at face value, the record refutes appellant's assertion that the finding that his disability was service-unconnected was not supported by substantial evidence.

■■ Appellant urges, however, that since the case was not tried, it must be assumed for purposes of this appeal that he could prove the allegations of his complaint at a trial. But only by contradicting the administrative record could appellant have sustained the factual premise urged here,[12] and his contention that he should have been indulged a trial for that purpose misconceives a burden which had overtaken him. In the District Court, both sides moved for summary judgment on the administrative record. The record is duly authenticated,[13] and by statute is evidence of the procedural facts it recounts [14]—includ-

6. See *id.* at 170–172, 461 F.2d at 1256–1258.

7. *E. g.*, Thorpe v. Housing Authority, 393 U.S. 268, 284, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969) ; United States v. Raines, 362 U.S. 17, 22, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960) ; United Pub. Workers v. Mitchell, 330 U.S. 75, 89–90, 67 S.Ct. 556, 91 L.Ed. 754 (1947).

8. *E. g.*, Bush v. Texas, 372 U.S. 586, 590, 83 S.Ct. 922, 9 L.Ed.2d 958 (1963) ; Clay v. Sun Ins. Office, Ltd., 363 U.S. 207, 211–212, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960) ; United States v. Petrillo, 332 U.S. 1, 12, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947).

9. By letter dated January 22, 1952, the Administrator notified appellant of the proposal to discontinue payments of disability compensation, but stated further:
   Action to discontinue payments of your compensation will not be taken for a period of sixty days from the date of this letter in order to give you an opportunity to present any evidence in your possession pertinent to the question. If no further reply is received

within the sixty-day period, action will then be taken to discontinue payments of your disability compensation.
Appellant took no responsive action until March 25, 1952. He then filed a formal request for an administrative appeal, which was followed by the first of the several hearings later mentioned.

10. See text *infra* at notes 19–21.

11. Three hearings occurred during the period from May 7, 1952, to April 25, 1961. At least two were before the Board of Veterans Appeals.

12. See text *infra* at notes 19–23.

13. See 38 U.S.C. § 202 (1970) ; Fed.R. Civ.P. 44(a)(1), (c).

14. "Books or records of account and minutes of proceedings of any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept." 28 U.S.C. § 1733(a) (1970). And "[p]roperly authenticated copies or transcripts of" such records "shall be admitted in evidence equally with the originals thereof." 28

ing the pretermination notice and opportunities, and the posttermination hearings and the evidence thereat. Left standing, those facts obliterated the purported factual basis for the constitutional contention which appellant now advances.[15] Moreover, given the presumptive verity of the administrative record,[16] it was necessary for appellant, in order to gain an opportunity to impeach the record at a trial, to show that an issue as to its accuracy genuinely existed.[17] But appellant made no effort to do so, and the failure was fatal.[18] Without a

triable constitutional issue, the case ultimately involved no more than the substantive validity of the Administrator's 1952 determination on the merits. That, we repeat, became a matter beyond review by the courts.[19]

■■ We are mindful that the record does not conclusively demonstrate that appellant could have obtained a hearing prior to the discontinuance of his benefits, as distinguished from one thereafter. But that does not affect the case as appellant has framed it. As we

U.S.C. § 1733(b) (1970). See also 38 U.S.C. § 202 (1970); Pooler v. United States, 127 F. 509, 517 (1st Cir. 1904); Brooks v. Texas Gen. Indem. Co., 251 F.2d 15, 16 (5th Cir. 1958); Cassarello v. United States, 271 F. 486, 489 (M.D.Pa.1919), aff'd, 279 F. 396 (3d Cir. 1922); Murphy v. Cady, 145 Mich. 33, 108 N.W. 493, 494 (1906).

15. See text *infra* at notes 19–23.

16. See Ollie v. Security Mut. Underwriters, 235 F.2d 932, 934 (4th Cir. 1956); Carr v. National Discount Corp., 172 F.2d 899, 902–903 (6th Cir.), cert. denied, 338 U.S. 817, 70 S.Ct. 59, 94 L. Ed. 495 (1949); Ussery v. Anderson-Tully Co., 122 F.Supp. 115, 121 (E.D. Ark.1954). See also Harris v. H. G. Smithy Co., 139 U.S.App.D.C. 65, 67, 429 F.2d 744, 746 (1970).

17. It is well settled that a certified transcript of judicial or administrative proceedings may be considered on a motion for summary judgment. See Shulins v. New England Ins. Co., 360 F.2d 781, 785 (2d Cir. 1966) (judicial record); Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir. 1949) (judicial record); Ramsouer v. Midland Valley R. R., 135 F.2d 101, 103, 106 (8th Cir. 1943) (judicial record); Hennessey v. Federal Security Adm'r, 88 F.Supp. 664, 665 (D.Conn.1949) (administrative record); Taylor v. Latimer, 47 F.Supp. 236, 237 (W.D.Mo.1942) (administrative record); National Broadcasting Co. v. United States, 47 F.Supp. 940, 946 (S.D.N.Y.1942), aff'd, 319 U.S. 190, 63 S.Ct. 997, 87 L.Ed. 1344 (1943) (administrative record); Leake v. Jones, 18 F.R.D. 80, 87 (W.D.Okl.1955) (judicial record); Farm Bureau Mut. Ins. Co. v. Hammer, 83 F.Supp. 383, 386 (W.D.Va.1949), rev'd on other grounds, 177 F.2d 793 (4th Cir. 1949), cert. denied, 339 U.S. 914, 70 S.Ct. 575, 94 L. Ed. 1339 (1950) (judicial record). As

we have stated, each side moved for summary judgment and predicated its demand on the administrative record. That record, unless somehow contradicted, satisfied the Administrator's initial burden of demonstrating the absence of any genuine issue of fact material to appellant's broad constitutional contention. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 153–161, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). And the presumption importing verity of the record, see text *supra* at note 16, discharged the concomitant burden on that score, and it then became incumbent upon appellant to come forward with facts indicating the contrary. For "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Fed.R.Civ.P. 56(e). See also First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 274–288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); Continental Cas. Co. v. American Sec. Corp., 143 U.S.App.D.C. 234, 236–237 & n 7, 443 F.2d 649, 651–652 & n. 7 (1970), cert. denied, sub nom. Mather Constr. Co. v. Continental Gas Co., 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647 (1971); Thompson v. Evening Star Newspaper Co., 129 U.S.App.D.C. 299, 301, 394 F. 2d 774, 777, cert. denied, 393 U.S. 884, 89 S.Ct. 194, 21 L.Ed.2d 160 (1968). Appellant made no such response.

18. Not even on appeal are we offered any explanation whatsoever as to just how appellant might have expected to impeach the administrative record.

19. See text *supra* at notes 4–5.

have said, the Administrator, in answer to appellant's complaint, alleged that had appellant responded to the pretermination invitation to submit evidence, he would have been afforded a pretermination hearing. Nothing brought before us challenges that claim in the least. Since the burden of establishing the factual predicate [20] for a constitutional attack is upon him who makes it,[21] it was incumbent upon appellant, if indeed his grievance was unavailability of a hearing before benefits were cut off, to come forward with something to show that the Administrator's statement was at least open to doubt. Not only did appellant fail to do so but he also failed to present that precise issue for appellate review. His brief in this court does not differentiate pretermination and posttermination hearing opportunities, nor does he even cite Goldberg v. Kelly [22] or any of its progeny. Constitutional contentions are to be sharply defined,[23] and we have no cause to depart from this wholesome precept here.

The District Court, we hold properly dismissed appellant's suit.[24] Its action in doing so is accordingly

Affirmed.

**20.** See United States v. Petrillo, *supra* note 8, 332 U.S. at 12, 67 S.Ct. 1538; Borden's Farm Prods. Co. v. Baldwin, 293 U.S. 194, 210–213, 55 S.Ct. 187, 79 L.Ed. 281 (1934); City of Hammond v. Schappi Bus Line, 275 U.S. 164, 171–172, 48 S.Ct. 66, 72 L.Ed. 218 (1927).

**21.** Whitcomb v. Chavis, 403 U.S. 124, 144, 91 S.Ct. 1858, 29 L.Ed.2d 363 (1971); Railway Express Agency v. Virginia, 358 U.S. 434, 436, 79 S.Ct. 411, 3 L.Ed.2d 450 (1959); Townsend v. Yeomans, 301 U.S. 441, 451, 57 S.Ct. 842, 81 L.Ed. 1210 (1937); Norfolk & W. Ry. v. North Carolina ex rel. Maxwell, 297 U.S. 682, 685–690, 56 S.Ct. 625, 80 L.Ed. 977 (1936).

**22.** 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

**23.** "[S]erious constitutional questions . . . are not to be entertained upon dubious presentations or, most certainly, when the presentation reasonably may be taken as not intended to put them forward squarely and inescapably." Aircraft & Diesel Equip. Corp. v. Hirsch, 331 U.S. 752, 763, 67 S.Ct. 1493, 1498, 91 L.Ed.

1796 (1947). See also Fleming v. A. H. Belo Corp., 121 F.2d 207, 214 (5th Cir. 1941), aff'd, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942); Pigott v. Detroit, T. & I. R. R., 221 F.2d 736, 742 (6th Cir.), cert. denied, 350 U.S. 833, 76 S.Ct. 68, 100 L.Ed. 743 (1955).

**24.** We are mindful that the District Court purported to grant the Administrator a judgment on the pleadings, see Fed.R. Civ.P. 12(c), and that the record of the proceedings before the Administrator does not appear as a part of the pleadings. "If," however, "on a motion for judgment on the pleadings, matters outside the pleadings are presented to and excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ." Fed.R.Civ.P. 12(c). Both sides utilized the administrative record as the basis for their respective motions for summary judgment, and the record makes obvious the fact that the District Judge based his ruling thereon. Accordingly, the dismissal of appellant's action was procedurally proper.