JOHNNIE WASHINGTON JACKSON V. STATE.

No. 26,518. November 4, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 9, 1953.

*Templeton and Gauen* and *W. R. Sessions,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *William C. Dowdy* and *Charles S. Potts,* Assistants District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 180 days in jail and a fine of $50.00.

E. N. Hanks testified that on the occasion in question an automobile driven by the appellant collided with his automobile at an intersection and that the appellant remained under the wheel of his automobile until the officers arrived a few minutes later. The witness testified that an ambulance arrived shortly after the officers did and carried the appellant away.

Officer Carpenter testified that after he made an investigation at the scene of the collision he went to Parkland Hospital, and there saw the appellant, observed his manner of speech, and detected the odor of alcohol on his breath. The witness stated that the appellant told him he had been the driver of the automobile involved in the collision; that he had concluded that the appellant was intoxicated and that he placed him under arrest. Officer Carpenter testified that Sergeant Jones came to the hospital and offered the appellant the intoximeter test and that the appellant consented to take the same.

Sergeant Jones testified that he went to Parkland Hospital and there found Officer Carpenter and the appellant and that from his observation of appellant concluded that he was intoxicated. He testified that he gave the appellant the intoximeter test and that he failed it. The witness describes the giving of the test as follows: The subject being given the test first blows his breath into a balloon, which is attached to the instrument (the intoximeter). The operator of the test then releases the air (the breath of the appellant) through certain tubes which are a part of the intoximeter. These tubes contain a purple colored chemical, and the passage of air through them changes this color from a purple color to a clear color. The time consumed in bringing about this change is indicative to the operator of the subject's intoxication or non-intoxication.

Sergeant Jones testified that after he saw that the appellant failed this visual preliminary color change test he properly identified the intoximeter by number and the appellant's name, and sent it to the laboratory for the further analysis there.

Dr. Mason, the toxicologist in charge of the City-County laboratory, testified that the records of his laboratory revealed that the properly identified intoximeter test which had been given the appellant had been analyzed under his supervision by his assistant James Lewis, and such analysis revealed that the appellant had .17% of alcohol in his blood at the time he had been given the test.

He testified further that, according to the standards recognized by the American Medical Association and the National Safety Council, one who had in excess of .15% of alcohol in the blood was intoxicated. Dr. Mason testified that each intoximeter was taken apart, weighed and checked for accuracy at his laboratory before it was sent out to be used by the Dallas police.

Appellant offered the witness Harris, who testified that the appellant had drunk two beers sometime before the collision but that he was not intoxicated.

The witness Crowell testified for the appellant that he was a witness to the collision and that he did not smell any intoxicants on the appellant.

Appellant's wife testified that she had gone to the hospital on the day in question and that she had not smelled alcohol on his breath.

The jury resolved the disputed issue against the appellant, and we find the evidence sufficient to support their verdict.

We shall now discuss the contentions raised in appellant's able brief.

Bill of Exception No. 6 relates to the testimony of Sergeant Jones concerning the visual preliminary color change test. Appellant's contention is that the witness was permitted to express his conclusion as to appellant's intoxication predicated thereon and was not qualified to give such a conclusion. Sergeant Jones testified that he had had two days' training in the operation and method of testing with the intoximeter and had given approximately 200 such tests. So that we might properly pass upon his qualifications to testify, we have earlier in this opinion outlined his testimony which described the test which he gave.

It is of importance to note that the visual preliminary color change test involved no knowledge of chemistry or understanding of the scientific theory of the test. We see little difference between the officer's testimony herein and his testimony as to the appellant's appearance and conduct. Sergeant Jones was not a part of the laboratory where the weighing and analyzing of the tests took place and did not attempt to show that he was qualified to take part in this subsequent, more technical, evaluaion of the test. Nothing said here is in variance with our

holding in Hill v. State, 158 Tex. Cr. Rep. 313, 256 S. W. 2d 93. The test here involved is entirely different. In that case we said, "Appellant does not question, and neither do we, Officer Barnett's ability to conduct the test to this point."

We find the sergeant sufficiently qualified to give the test which he gave.

Bill of Exception No. 9 complains of Dr. Mason's testimony concerning the records of his laboratory. If the record of the analysis made by James Lewis in the laboratory and under Dr. Mason's supervision would be admissible, then clearly there would be no error in permitting Dr. Mason to testify from the record. In Bryan v. State, 157 Tex. Cr. Rep. 592, 252 S. W. 2d 184, we said:

"In this connection, we call appellant's attention to the fact that if a chemist or toxicologist is present and observes the making of a test, or if it is made under his supervision, he may testify as to the result of the test."

If there has been any question in the past as to the admissibility of such records, we think that Articles 3731a and 3737e, Vernon's Ann. C. S., enacted by the 52nd Legislature, have removed such question.

Finding no reversible error, the judgment of the trial court is affirmed.