CONRAD LEONARD, JR. V. STATE

No. 27,582. May 4, 1955

No attorney for appellant of record on appeal.

*Henry Wade,* Criminal District Attorney, *J. J. Orvis* and

*Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 15 days in jail and a fine of $50.00.

It was developed by state's witnesses that the appellant drove an automobile into the front door of a building, backed away, ran into a cemetery fence, and then collided with various automobiles and a pedestrian.

Accident Investigator Young testified that he arrived upon the scene of an accident on the day in question and observed the appellant, detected a strong odor of alcohol on his breath, noted that he spoke incoherently, observed the unsteady gait with which he walked, and expressed the opinion that the appellant was intoxicated. Officer Young stated that he followed the appellant to the hospital, and when the appellant had been checked and released by the hospital authorities he offered to give him the intoximeter test, that the appelant took the test, and that he identified the same.

Dr. Morton F. Mason, toxicologist for the city and county of Dallas, testified that an intoximeter test bearing the appellant's name was analyzed by his assistants Lewis and Williams under his supervision, and the records of his laboratory revealed that the analysis showed that appellant's blood contained 0.295 mm. of alcohol per cc. of blood, which was indicative of intoxication.

The appellant testified that he had drunk two beers on the day in question but denied that he was intoxicated and attributed the accidents to defects in his automobile. In this, he was supported by the testimony of his witnesses.

The jury resolved the disputed issue of the appellant's intoxication against him, and we find the evidence sufficient to support the conviction.

The only question raised on appeal relates to the testimony of Dr. Mason. It is the appellant's contention that the court erred in permitting Dr. Mason to testify from the records of his laboratory as to the results of the analysis of the intoximeter because he (Dr. Mason) did not conduct the analysis and Lewis and Williams were not called as witnesses.

Recently, in Jackson v. State, 159 Texas Cr. Rep. 228, 262 S.W. 2d 499, we had occasion to pass upon the identical question concerning the same witness. There, we said:

"Bill of Exception No. 9 complains of Dr. Mason's testimony concerning the records of his laboratory. If the record of the analysis made by James Lewis in the laboratory and under Dr. Mason's supervision would be admissible, then clearly there would be no error in permitting Dr. Mason to testify from the record. In Bryan v. State, 157 Texas Cr. Rep. 592, 252 S.W. 2d 184, 185, we said:

" 'In this connection, we call appellant's attention to the fact that if a chemist or toxicologist is present and observes the making of a test, or if it is under his supervision, he may testify as to the result of the test.'

"If there has been any question in the past as to the admissibility of such records, we think that Articles 3731a and 3737e, Vernon's Ann. Civ. St., enacted by the 52nd Legislature, have removed such question."

In the case at bar, Dr. Mason testified from the records of his laboratory and told which part of the analysis was made by Lewis and which by Williams and stated that each of them worked directly under his supervision at all times.

Finding no reversible error, the judgment of the trial court is affirmed.