**Edgar Nolin NEELY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38627.**

Court of Criminal Appeals of Texas.

Jan. 12, 1966.

On Rehearing May 18, 1966.

Rehearing Denied Nov. 16, 1966.

WOODLEY, Judge.

The offense is negligent homicide in the first degree; the punishment, a fine of $300.

Trial was before the court on a plea of not guilty.

The complaint and information alleged that appellant, engaged in the lawful act of driving a bus on a public road, caused the death of Jack Seals by causing his motor vehicle to collide with an automobile, thereby causing said automobile to collide with a pickup truck driven by Jack Seals whose death was caused by appellant's negligence in that he "failed to guide his motor vehicle away from the said automobile; (2) failed to keep a proper lookout for the said automobile, which automobile he could have seen had he been looking in the direction he was going; (3) failed to keep his motor vehicle under proper control by reason of its operation at a greater rate of speed than was reasonable and prudent under the conditions then existing."

The statement of facts reveals evidence sufficient to show that appellant was driving a bus on Tidwell Road in Houston; that ahead of him traveling in the same direction was an automobile driven by Mrs. Hoffpauir.

Mrs. Hoffpauir stopped at an intersection intending to make a left turn. Appellant tried to stop his bus behind her but failed.

The bus hit the rear of the automobile knocking it into the path of a pickup truck driven by Jack Seals, which was traveling in the opposite direction.

Clifford Rainer, ambulance driver, testified that he made a call to the scene; found the person identified as Jack Seals in the pickup. He testified in part:

Pearson Grimes, Butler, Binion, Rice, Cook & Knapp, Tom Alexander, Jonathan Day (on rehearing), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Joe C. Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

"A. It took about—probably—maybe ten minutes or a little more to get him out of the truck there. He was tangled up around the brake pedal

and his legs up around the brake pedal and steering.

"Q. Did you see if he had some injuries in the collision?

"A. He was complaining of his chest.

"Q. And you took him to which hospital?

"A. North Houston.

"Q. All right, sir. There was no accident in which your vehicle was involved proceeding from that location—between there and the hospital, was there?

"A. No.

"Q. All right, sir. When you arrived there at the hospital, what was the condition of the occupant of that automobile at that time?

"A. He was still complaining quite a bit of—about his chest there.

"Q. Were you present at the hospital when he was pronounced dead?

"A. Yes."

■ All of the bills of exception relied upon by appellant concern the testimony of Doctor Joseph Jachimczyk, Chief Medical Examiner for Harris County. He testified that he had the care, custody and control of the records of autopsies or pathological diagnoses by persons in his employ, including Dr. Robert Bucklin; that he had with him the records of a pathological diagnosis which indicated that Associate Medical Examiner Robert Bucklin performed the autopsy upon the deceased, Jack Dempsey Seals. Over objection that it was hearsay and a conclusion upon hearsay, Dr. Jachimczyk testified that though he did not see the body, the examination was made under his supervision and direction and he reviewed the record with Dr. Bucklin, his assistant.

He was permitted to testify that the cause of death was the result of a crushed chest and abdomen, and testified: "The autopsy report states that the individual was pronounced dead on arrival at the North Houston Hospital at 7:25 A.M. on March 19, 1964. * * *

"Q. All right sir. And I believe you testified that the cause of death as indicated by the report was a crushed chest and abdomen?

"A. That is right."

Dr. Jachimczyk's qualifications as a physician and pathologist were stipulated as was the death of Jack Seals.

We do not agree that the court erred in admitting the testimony. Leonard v. State, 161 Tex.Cr.R. 470, 278 S.W.2d 313 supports the court's ruling.

As we view the record, the witness was not testifying to the expert opinion of his assistant, rather than his own conclusion based upon the record of the autopsy.

Even so, there was sufficient evidence otherwise to support a finding that the death of Jack Seals resulted from the accident and the state was not bound to show the exact nature of the injuries which caused his death.

■ Trial being before the court it will be presumed that any evidence improperly admitted was disregarded.

Hubbard v. State, 167 Tex.Cr.R. 379, 320 S.W.2d 835, cited by appellant, involved a conviction for negligent homicide while engaged in the unlawful act of driving a truck at an unlawful rate of speed. No other negligent act or omission was alleged and there was nothing in the record to suggest that the car in which the deceased was a passenger would not have struck the car driven by Hubbard had he been driving at a lawful speed.

In the case before us unlawful speed was not in itself the negligent act relied upon and the information alleged that appellant

was engaged in the lawful act of driving a bus on the highway.

Metcalf v. State, 171 Tex.Cr.R. 269, 347 S.W.2d 618, cited by appellant, was a case of negligent homicide in which unlawful speed was the unlawful act as well as the negligent act relied upon, and the evidence was found insufficient to show that unlawful speed caused the accident.

Other cases cited by appellant are aggravated assault cases and have no application in the case before us.

▉ Viewed in the light most favorable to the court's judgment, we find the evidence sufficient to sustain the conviction.

The judgment is affirmed.

## ON STATE'S MOTION FOR REHEARING

MORRISON, Judge.

The State has called our attention to the fact that the opinion of the majority on appellant's motion for rehearing is in conflict with the opinion of this Court in Viser v. State, Tex.Cr.App., 396 S.W.2d 867. After due consideration we have concluded that the State is correct.

Our opinion on appellant's motion for rehearing, together with Judge Woodley's dissent thereto, is withdrawn; the State's motion for rehearing is granted; the judgment of reversal is set aside, and the judgment is affirmed.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant's motion for rehearing is overruled. Kindell v. State of Texas, Tex.Cr. App., 407 S.W.2d 784.