**William Haskell REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47029.**

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Gregory L. Underwood, Gainesville, Malcolm Dade (Court appointed on appeal), Dallas, for appellant.

Jerry W. Woodlock, County Atty., Gainesville, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault to murder with malice; the punishment, twenty-five (25) years.

By ground of error number one appellant contends that the court erred in permitting the Honorable Jim J. Hatcher to act as special prosecutor in this case. This trial was held in March 1972. Appellant sought to disqualify Hatcher on the ground that Hatcher had represented appellant in 1967, as a retained attorney in a felony case in another court. That case had been dismissed prior to trial. Hatcher was appointed by the trial court as a special prosecutor in this case. The order appointing him gave no reason other than the District Attorney had requested his appointment. Hatcher testified that he was to become District Attorney and had been requested to act in this case. Hatcher has since become the District Attorney of the county where this prosecution was had.

By brief and in argument appellant relies upon Canon 6 of the State Bar of Texas Canon of Ethics, cases from this Court which were affirmed, and upon certain civil cases. He contends that by virtue of his prior employment Hatcher had knowledge of appellant's prior criminal record (which consisted of prior convic-

tions of record in the county of this prosecution). It appears to be appellant's position that once Hatcher had agreed to defend appellant that he might not thereafter act as prosecutor in any case against appellant until appellant himself waived Hatcher's disqualification. We do not agree that such is the rule.

Under the authority of Phillips v. State, 159 Tex.Cr.R. 286, 263 S.W.2d 159, and Bingham v. State, 163 Tex.Cr.R. 352, 290 S.W.2d 915, it is clear that "counsel other than the regular prosecuting attorney may appear and prosecute or assist in the prosecution of a cause in behalf of the state."

The State points out that Hatcher had not represented appellant in any way or at any stage of the instant trial. Also, according to Hatcher's testimony he was familiar with appellant's past criminal record by virtue of his former position of Assistant County Attorney of Cooke County. In this connection we note that the State called no character witnesses in this case.

We conclude that Hatcher had not been shown to be disqualified to act as prosecutor in this case and ground of error number one is overruled.

Grounds of error numbers two and three challenge the sufficiency of the circumstantial evidence to sustain the conviction. This contention is based solely on the identity of appellant as being the attacker. The ferocity and the seriousness of the attack and the injuries sustained are not questioned.

The 67-year-old prosecutrix testified that she was awakened on the night in question by the presence of a male in her bedroom where she slept alone. She stated that he cut and hit her and left her unconscious. She remained unattended for several days until a relative came to her aid and carried her to the hospital. At the time her predicament was discovered a motor vehicle certificate of title bearing appellant's name and a crumpled package of Camel filter cigarettes were found in prosecutrix' bed-

room. In addition, certain human hairs were found in the same room which were shown by expert testimony to "microscopically match" those taken from appellant's head by the investigating officers.

During the course of the evening preceding the attack appellant was shown to be in possession of the certificate of title to his automobile and to be smoking Camel filter cigarettes.

It is apparently appellant's additional contention that the evidence is insufficient to exclude the reasonable hypothesis that prosecutrix' injuries were inflicted by her 40-year-old deaf and mute son who resided in the home with her. Prosecutrix testified vehemently that it was not her son. She stated that her attacker told her in a deep voice to "shut up" when she screamed. Expert testimony showed that the hair found did not come from her son. The son was called as a witness by the State and testified through an interpreter for the deaf and mute and by means of written notes. The jury was in a position to view his size and physical condition and pass upon the validity of his denial that he had caused the injuries to his mother.

Finding the evidence sufficient to support the conviction, the judgment is affirmed.