**Ricardo LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61776.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 24, 1982.

Ruben Sandoval, on appeal only, San Antonio, for appellant.

E. W. Boedeker, Dist. Atty. & Warren J. New, Asst. Dist. Atty., Levelland, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder. Punishment was assessed at confinement for life. The cause was tried in Yoakum County on a change of venue.

Appellant was a student at Whitharral High School in Hockley County and was

convicted for murdering the principal of the school. The following grounds of error are urged on appeal: (1) and (2) whether the trial court erred in excluding expert testimony on the administration and results of a Rorschach test; (3) whether the use of a special prosecutor resulted in a denial of due process; (4) whether the trial court erred in overruling an objection to the State's jury argument; and (5) whether the trial court erroneously overruled a motion for continuance based on adverse publicity.

Appellant's first two contentions complain that the trial court excluded expert testimony of a psychologist, Dr. Kreimeyer, stating the "diagnostic impression and conclusions and recommendations" of a second doctor, Trent Piper, who had administered the Rorschach test.

Kreimeyer testified that based on his personal examination of appellant and on results of the Rorschach test he concluded that on the date of the offense appellant was an acute paranoid schizophrenic. He further stated that he was legally insane at the time of the incident because of an inability to control his behavior.

The trial court excluded testimony by Kreimeyer as to the opinion of Piper, and also sustained the State's hearsay objection to his testimony on Piper's competency to administer the Rorschach test. Kreimeyer stated that the results of the test are corroborative in that there is no specific test for schizophrenia. The Rorschach test was administered by Piper at Kreimeyer's request, but there is no testimony that it was conducted under his control. In fact, Kreimeyer stated that he did not "supervise" the test in that he was not physically present at the time.

Appellant perfected his objection to the exclusion of Piper's opinion and qualifications by bill of exception. He elicited testimony from Kreimeyer that Piper was competent to run the test and that it was conducted at his request and instruction. The result of the test was corroborative of Kreimeyer's conclusion and Piper's conclusion was identical: "acute paranoid schizo-

phrenia." The report was approved by the "Director of the Out Patient Clinic, Ron Cohorn, Ph.D.."

■ We find that the complaint to the exclusion of testimony regarding Piper's qualifications and conclusions based on the Rorschach test was properly overruled. Further, we fail to see any harm in that Kreimeyer was permitted to state his opinion which was corroborated by the results of the Rorschach test.

■ The burden of establishing the admissibility of the expert's opinion rests on the party offering the evidence. *Holloway v. State*, 613 S.W.2d 497 (Tex.Cr.App.). In order to sustain this burden, where the testimony sought to be admitted is the result of a test administered by another person, the offering party must demonstrate that the test was conducted under the witness' "supervision or control." *Caballero v. State*, 587 S.W.2d 741 (Tex.Cr.App.); see also *Grant v. State*, 472 S.W.2d 531 (Tex.Cr. App.); *Dagley v. State*, 394 S.W.2d 179 (Tex.Cr.App.). In *Caballero*, a psychiatrist was permitted to testify regarding testing conducted by an assistant. The admissibility of that testimony was supported by factors not present in the record before us. There, the witness testified that she verified her associate's work and examined that information again and more thoroughly when she examined the defendant. The witness did *not* testify as to the results of the test, nor did she testify from her associate's notes. But this Court further noted that even if she had, the results would indeed be admissible where the analysis of the test was under the witness' supervision or control.

■ In the instant case the only testimony concerning the degree of control or supervision that Kreimeyer had over the administration of the Rorschach test by Piper was that it was conducted at his request. Further, there is no testimony that he had verified the work. The opinion of Dr. Piper

and the results of the test he administered were properly excluded.[1]

■ Appellant next contends that he was denied due process because a privately retained attorney was employed to prosecute the case. It is argued that such an attorney is objectionable because he is "not inhibited by an oath that required justice be done," citing Art. 2.01, V.A.C.C.P.

This ground of error is clearly without merit in that an identical argument has been repeatedly rejected by this Court. See *Reed v. State*, 503 S.W.2d 775 (Tex.Cr. App.); *Ex parte Powers*, 487 S.W.2d 101; *Lopez v. State*, 437 S.W.2d 268 (Tex.Cr. App.). Counsel other than the regular prosecuting attorney may appear to prosecute or assist in the prosecution of a cause on behalf of the State. *Bingham v. State*, 163 Tex.Cr.R. 352, 290 S.W.2d 915; *Phillips v. State*, 159 Tex.Cr.R. 286, 263 S.W.2d 159. In *Ex parte Powers*, supra, a defendant argued that he was denied a fair and impartial trial because a Special Prosecutor was not sworn or appointed to represent the State of Texas, but was merely hired by the victim's family "to avenge the personal feelings and emotions of the family...." We follow in the rejection of that contention by overruling this ground of error, but also note that Art. 2.01 is specifically contrary to appellant's argument. In part, it is provided:

"It shall be the primary duty of all prosecuting attorneys, *including any special prosecutors*, not to convict, but to see that justice is done. They shall not suppress facts or secrete witnesses capable of establishing the innocence of the accused." (Emphasis added.)

■ In his next ground of error appellant argues that the State engaged in improper jury argument. The following comments are objected to:

"We must have, in a contemporary society, a return to the basic principles of law and order. *In this case, perhaps*

more than any other, demonstrates the kind of conduct that threatens the very basic structure of the community in which we reside. It threatens our schools. The next step, if persons can escape criminal conduct on this type of evidence that has been produced, it will threaten our homes. This evil, this growing evil, it must be challenged." (Emphasis added.)

Appellant's objection that the comments were an appeal to passion outside the record was overruled.

In *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.), this Court enunciated the permissible bounds of jury arguments. The following areas have been approved by the Court:

(1) summation of the evidence

(2) reasonable deduction from the evidence

(3) answer to argument of opposing counsel, and

(4) plea for law enforcement.

The argument herein complained of falls within the fourth category, and is similar to the argument objected to in *Minafee v. State*, 482 S.W.2d 273 (Tex.Cr.App.). In that case the State made these remarks:

"... Now, I'm sure that you have had occasion to sit back in your living room and say, 'why don't they do something about it?' You've read the newspapers. 'Why don't they do something about this crime here in our country?' Well, you're 'they' and now's the time you can do something about it."

As in this case the argument was a proper plea for law enforcement. See also *Shippy v. State*, 556 S.W.2d 246 (Tex.Cr.App.); *Langham v. State*, 473 S.W.2d 515 (Tex.Cr. App.).

■ In his final ground of error appellant argues that the trial court erred in failing to grant a pre-trial motion for continuance. The motion argued that a delay

---

1. Appellant also relies on *United States v. Davila-Nater*, 474 F.2d 270 (5th Cir. 1973), which involved admission of report results relied on by a testifying physician *for the limited purpose* of testing his credibility, not for the truth of the matter in the reports. No such issue was raised in the trial of this case.

should be granted because of publicity of a case in Travis County where a student allegedly shot and killed his junior high school teacher. Appellant contends that this adverse publicity tainted the jury panel.

The motion was urged before the selection of the jury, but no witnesses were heard in support of the contentions advanced. Counsel for appellant also stated to the trial court that he would re-urge the motion during voir dire if it appeared that the incident tainted the jury panel. We find no evidence that the motion was subsequently raised and the record shows that upon request of appellant's counsel, the voir dire examination was not typed and included in the record.

Included in appellant's written motion was a copy of a newspaper article concerning the Travis County incident. Appellant's name did not appear in the clipping and there is no showing that any of the prospective jurors read and were prejudiced by the article. *Chamberlain v. State*, 453 S.W.2d 490 (Tex.Cr.App.). The motion was addressed to the discretion of the trial court and no abuse of that discretion has been demonstrated. *Nelson v. State*, 505 S.W.2d 271 (Tex.Cr.App.).

Appellant's grounds of error are overruled and the judgment is affirmed.

CLINTON, Judge, concurring.

In *Caballero v. State*, 587 S.W.2d 741 (Tex.Cr.App.1979) it was written: "Moreover, a doctor can testify from laboratory records as to the results of a test by another person *where the analysis is under his supervision or control.*[1] See *Grant v. State*, 472 S.W.2d 531[2] (Tex.Cr.App.1971); *Dagley v. State*, 394 S.W.2d 179[3] (Tex.Cr.App.

1965)." Regrettably, the majority now applies an otherwise salutary rule to a report to an examining psychologist by a doctor who administered a Rorschach test to a patient being seen by the former.

Some sixty years since it was developed, the Rorschach is a standard personality and intelligency test in which a subject interprets ink blot designs in terms that reveal intellectual and emotional factors. It is commonly used as one of several diagnostic tools in the hands of a qualified and competent alienist, as Dr. Piper was shown to be by testimony of Dr. Kreimeyer. The routine manner by which the Rorschach is conducted is such that the referring professional is simply not called on to provide personal "supervision or control" over the professional who actually does it. Indeed, the presence of any third person "introduces an unnecessary variable to the results of the psychological procedures." The test itself never varies—only responses. Impressions gained by the alienist from conducting the "ink blot" test are recognized and acknowledged to be just that, and nothing more definitive; however, they are derived necessarily from expertise in the field. The "results" of the Rorschach, as with other tests and examinations, are customarily considered by the psychiatrist, psychologist or other qualified professionals ultimately responsible for coming to and testifying to an expert opinion. See generally Incompetency and Insanity Defense Manual (Rev. Ed. 1981) 114–120, 275–280, 285–286, 363–364, The Criminal Defense Lawyers Project.

Given the nature and quality of the expertise at work here, I would find the testimony and report were not excludable under the rule discerned in *Caballero v. State*, supra. Rather, they are admissible because

---

[1] All emphasis is mine unless otherwise indicated.

[2] In *Grant v. State*, supra, the medical doctor took a vaginal smear himself, it was sent to a medical laboratory where a technician—the doctor testified "under my control"—tested it for sperm cells and made a written report that, the doctor was permitted to state, the test showed "some sperm cells in the fluid and a little bit of infection," *id.*, at 532. The rule

followed in *Caballero*, supra, was stated with citations to *Jackson v. State*, 159 Tex.Cr.R. 228, 262 S.W.2d 499 (1953) (report of an intoximeter test) and *Meadows v. State*, 368 S.W.2d 203 (Tex.Cr.App.1963) (report of chemical analysis of a drug).

[3] In *Dagley v. State*, 394 S.W.2d 179 (Tex.Cr. App.1965) the report, an official record of the DPS laboratory, showed results of a chemical analysis of residue in narcotic paraphernalia.

the opinion testimony of Dr. Kreimeyer was based in part on the report from Dr. Piper, upon which, as examining psychologist, Dr. Kreimeyer is entitled to and does rely in the practice of his profession. *Gray v. Bird*, 380 S.W.2d 908, 913 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.); Ray, Law of Evidence § 1404, 2 Texas Practice 41; see and compare *Moore v. Grantham*, 599 S.W.2d 287, 289–291 (1980). Of course, that kind of opinion testimony thus based is available to the State as well as an accused.

Still, the Court finds that Dr. Kreimeyer was permitted to testify that his opinion was based in part on the corroborative aspects of the Rorschach, and for that reason I agree that reversible error is not shown. Accordingly, I concur in the balance of the opinion and judgment of the Court.