In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-041 CR


____________________



ADRIAN DWAYNE ELEBY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. 24878






O P I N I O N


 Adrian Dwayne Eleby pleaded guilty to aggravated robbery and was sentenced by the
jury to eighty years' confinement in the Texas Department of Criminal Justice, Institutional
Division. Eleby appeals raising three issues.

 In his first issue, Eleby claims the trial court erred in depriving him of a hearing on
the issue of his competency to stand trial. The record reflects the trial court signed an order
for the examination of Eleby but does not demonstrate a hearing was conducted or evidence
was otherwise submitted to the court. The motion to have Eleby examined requested an
examination to determine competency but did not assert Eleby was incompetent and
contained no evidence of any incompetency. That motion, in and of itself, does not require
the trial court to hold a competency inquiry. See McDaniel v. State, 98 S.W.3d 704, 711
(Tex. Crim. App. 2003). As the record fails to show that any evidence of incompetency was
brought to the attention of the trial court, the mere fact that the trial court ordered an
examination but none was ever conducted does not violate Code of Criminal Procedure
article 46.02. See id. Issue one is overruled.

 Issue two contends the trial court erred by failing to admonish Eleby of the
consequences of his plea. The record does not demonstrate the trial court admonished Eleby
either orally or in writing. We find the trial court erred in failing to show on the record that
it admonished Eleby on the range of punishment when he pleaded guilty to the charged
offense. See Aguirre-Mata v. State, 125 S.W.3d 473, 473 (Tex. Crim. App. 2003).

 Our inquiry does not end here, however. The Court of Criminal Appeals has held the
error to be nonconstitutional and therefore subject to a harm analysis under Tex. R. App. P.
44.2(b). Aguirre-Mata, 125 S.W.3d at 473. To perform that analysis, "a reviewing court
must independently examine the record for indications that a defendant was or was not aware
of the consequences of his plea and whether he was misled or harmed by the trial court's
failure to admonish him of the punishment range." Burnett v. State, 88 S.W.3d 633, 638
(Tex. Crim. App. 2002). 

 During the hearing on the Motion to Disqualify the Prosecutor, Eleby was asked, "Do
you realize what your minimum and maximum sentence is?" Eleby replied, "I realize that." 
Further, Eleby was asked, "You understand that the last person who did the same thing that
you did, that did not have a criminal record you've got, I offered him 45 years and got him
a life sentence at trial, you understand that?" Eleby answered, "Yes, sir. . . ." 

 During opening argument, the State informed the jury that the range of punishment
was fifteen to ninety-nine years or life. The charge on punishment was read to the jury and
it instructed "that the punishment which should be assessed against this defendant is
imprisonment in the Institutional Division of the Texas Department of Criminal Justice for
any term of not less than 15 years nor more than 99 years or Life." 

 The record reflects no objection or protest by Eleby or defense counsel when either
the State or the trial court stated the range of punishment. At no time did Eleby ask to
withdraw his guilty plea. Defense counsel did not file a motion for new trial on the grounds
the plea was not knowing and voluntary. See id. at 640-41. "[T]o warrant a reversal on
direct appeal, the record must support an inference that appellant did not know the
consequences of his plea." Id. at 638. We find the record before this court does not establish
such an inference. Accordingly, issue two is overruled.

 Eleby's final issue asserts the trial court's denial of his Motion to Disqualify the
Prosecutor deprived him of a fair trial. The prosecutor in the instant case was employed as
defense counsel in two prior cases being used to enhance the current conviction. The record
reflects Eleby pleaded true to both enhancement allegations and the record of conviction was
entered for each one. 

 Eleby argues the prosecutor's prior representation and the knowledge he gained from
that representation created a conflict of interest. At the hearing on the motion to disqualify,
Eleby testified he discussed the merits of those cases with the prosecutor but the prosecutor
did not represent him through the conclusion of the case. Eleby testified he did not
remember disclosing any private information that was not disclosed elsewhere. He did not
testify he was concerned the prosecutor would disclose any private information. The
prosecutor testified there was no information learned from his brief representation of Eleby
that he intended to use in the current prosecution. 

 While it would most certainly be the better practice to recuse in cases of this nature,
the conflict is not apparent, as opposed to cases where the representation is in the same case. 
See Ex parte Morgan, 616 S.W.2d 625, 626 (Tex. Crim. App.1981); Ex parte Spain, 589
S.W.2d 132, 134 (Tex. Crim. App.1979). In those cases, no specific prejudice need be
shown because the conflict is apparent. Otherwise, to properly disqualify a prosecutor a
defendant must prove prejudice to his rights or deprivation of his right to due process. See
State ex. rel. Hill v. Pirtle, 887 S.W.2d 921, 927 (Tex. Crim. App. 1994). Here, the
representation did not occur in the same case, and the offenses in which the prosecutor had
represented Eleby were being used for enhancement. Therefore, the conflict is not
apparent and prejudice must be shown. See Munguia v. State, 603 S.W.2d 876, 878-79
(Tex. Crim. App. 1980); Reed v. State, 503 S.W.2d 775, 776 (Tex. Crim. App. 1974);
Canady v. State, 100 S.W.3d 28, 31-32 (Tex. App.--Waco 2002, no pet.); Pirtle, 887
S.W.2d at 927. On the record before this Court, we find Eleby has not established the
prosecutor's failure to recuse prejudiced his rights or deprived him of his due process
rights. Issue three is overruled.

 The judgment of the trial court is AFFIRMED.





 ________________________________

 CHARLES KREGER

 Justice


Submitted on May 31, 2005 

Opinion Delivered August 24, 2005

Publish 


Before McKeithen, C.J., Kreger, and Horton, JJ.