

# NUMBER 13-12-00292-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CEDRIC BERNARD GRANGER
A/K/A CEDRIC GRANGER A/K/A
CEDRICK GRANGER,**                                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

---

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

This is an appeal from a conviction of murder.[1]  *See* TEX. PENAL CODE ANN. §

19.02(b)(1) (West 2011).  A jury found appellant Cedric Bernard Granger a/k/a Cedric

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

Granger a/k/a Cedrick Granger guilty of murder and assessed punishment at a term of life in the Texas Department of Criminal Justice—Institutional Division and a $10,000 fine. By four issues, Granger contends that the trial court erred in (1) denying his motion for continuance; (2) denying his motion to exclude certain testimony; (3) allowing the State to elicit certain testimony; and (4) allowing the State to abrogate his right to remain silent. We affirm.[2]

## I. MOTION FOR CONTINUANCE

By his first issue, Granger contends the trial court abused its discretion when it denied his motion for continuance. Granger requested a continuance because a man by the name of Bartholomew Granger shot four persons at the Jefferson County Courthouse five days prior to trial, killing one and injuring the others.

On the first day of trial, Granger filed his motion for continuance urging that the similarity of facts, including the surname of the men being the same and the allegation of a family dispute before each shooting, combined to create a prejudice against him. Granger asked for a four-month continuance to allow time for the public's perceptions and connections to fade. He attached copies of newspaper accounts of the shooting at the courthouse. The trial court denied the motion.

During voir dire, Granger's counsel made the following comments that addressed the matter:

> . . . Well, a little bit of unpleasantness. Who all knows what happened here last week at the courthouse? Who all here happens to know the last name of the main [sic] involved last week? It is not this Mr.

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

Granger. Does everyone know that? Anyone think Mr. Granger here is in any way connected with last week raise your hand? Good. Okay. Now, the fact that they have the same last name does that in any way imply any kind of guilt on Mr. Granger? If it does, raise your hand. Good. We covered that. Does everyone feel safe? You can speak up. Okay. Good. Anyone have any questions of me whatsoever? Okay.

I look forward to hav[ing] 12 of you on the panel. Thank you, Your Honor.

Granger now argues on appeal that "the denial of his motion and the [e]xpeditiousness in this case resulted in a maximum sentence likely influenced by the similarities with the [Bartholomew] Granger murder occurring at the place of this trial."

## A. Applicable Law and Standard of Review

"A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion. A continuance may be only for as long as is necessary." TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006); *Esquivel v. State*, 595 S.W.2d 516, 519 (Tex. Crim. App. 1980) (en banc). Under *Sheppard v. Maxwell*, if there is a reasonable likelihood that prejudicial pretrial news will prevent a fair trial, the trial court should continue the trial until that threat abates. 384 U.S. 333, 362–63 (1966).

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995) (en banc); *Lopez v. State*, 628 S.W.2d 77, 81 (Tex. Crim. App. 1982); *In re E.L.T.*, 93 S.W.3d 372, 374 (Tex. App.—Houston [14th Dist.] 2002, no pet.). To establish an abuse of discretion, there must be a showing that the trial court's denial of his motion actually prejudiced the defendant. *Heiselbetz*, 906 S.W.2d at 511.

3

## B.  Discussion

Granger produced no witnesses to testify that he could not receive a fair trial because of prejudicial pretrial news.  *See Esquivel*, 595 S.W.2d at 519.  And defense counsel's comments and questions during voir dire failed to show that any knowledge of the shooting at the courthouse prejudiced the prospective jurors such that Granger was prevented from having a fair trial.  *See Sheppard*, 384 U.S. at 362–63; *Lopez*, 628 S.W.2d at 81.  Instead, the voir dire record indicates that any panel members who knew about the incident did not think that Granger was in any way connected to the shooting or, by implication, that Granger, who had the same last name as the shooter, was guilty of murder in this case.

Because Granger has not shown that he was actually prejudiced by the trial court's ruling, we conclude that the trial court did not abuse its discretion in denying Granger's motion for continuance.  *See Heiselbetz*, 906 S.W.2d at 511; *Lopez*, 628 S.W.2d at 81; *In re E.L.T.*, 93 S.W.3d at 374.  We overrule Granger's first issue.

## II.  MOTION TO EXCLUDE CERTAIN TESTIMONY

By his second issue, Granger contends the trial court erred in denying his motion to exclude the testimony of the State's fact witness Patrick Thomas.  On the morning of trial, the State informed Granger's counsel that it was going to call Thomas who would testify that Granger told him he was "going to kill somebody."  Granger's counsel objected that this testimony was "highly prejudicial."  Counsel explained to the trial court that this was the first notice he had of this witness and that he would have conducted more investigation if he had known, which may have affected his trial strategy.

If a witness's name is not furnished to a defendant before trial despite a court

4

order, any error in allowing that witness to testify over a claim of lack-of-notice is waived by the defendant's failure to move for a continuance. *Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982) (citation omitted); *see Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) (en banc) (per curiam); *see also Youens v. State*, 742 S.W.2d 855, 860 (Tex. App.—Beaumont 1987, pet. ref'd) (setting out that "any error in allowing that witness to testify over defendant's claim of surprise is made harmless by his failure to object or move for continuance" and concluding that by "[f]ailing to do so, [appellant] cannot now be heard to complain"); *Schneider v. State*, No. 13-12-00575-CR, 2013 WL 2300995, at *2 (Tex. App.—Corpus Christi May 23, 2013, no pet.) (not designated for publication) (concluding that because Schneider "did not request a continuance to prepare for the fingerprint testimony[,] . . . any error by the trial court in allowing the testimony despite the lack of notice was waived"). After the State informed Granger's counsel of a new fact witness, Granger objected that he had not been given proper notice of the testimony and asked the trial court to exclude the testimony on this basis. He did not request a continuance to determine the matters about which Thomas was to testify. As such, any error by the trial court in allowing the testimony despite the lack of notice was waived. *See Lindley*, 635 S.W.2d at 544; *see also Barnes*, 876 S.W.2d at 328; *Youens*, 742 S.W.2d at 860; *Schneider,* 2013 WL 2300995, at *2.

Moreover, even if Granger had not waived his complaint, we would still overrule this issue because if a trial court allows an unlisted witness to testify over objection, we review the decision for an abuse of discretion. *See Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993) (en banc); *Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989) (en banc); *Hardin v. State,* 20 S.W.3d 84, 88 (Tex. App.—Texarkana 2000, pet.

5

ref'd).

> Among the factors to be considered by an appellate court are any showing by the defendant of bad faith on the part of the prosecution in failing to disclose, and whether the defendant could have reasonably anticipated that the witness would testify despite the State's nondisclosure. Unless the defendant makes the necessary showing, the trial court's decision to allow the testimony will not be disturbed on appeal.

*DePena v. State*, 148 S.W.3d 461, 467 (Tex. App.—Corpus Christi 2004, no pet.) (citing *Castaneda v. State*, 28 S.W.3d 216, 223 (Tex. App.—El Paso 2000, pet. ref'd) (citing *Stoker*, 788 S.W.2d at 15)); *Harden*, 20 S.W.3d at 88.

Here, Granger made no showing of bad faith on the part of the State. *See DePena*, 148 S.W.3d at 467; *Harden*, 20 S.W.3d at 88. And given that Thomas was Granger's brother-in-law who had spent time with Granger on the morning of the incident, Granger was aware that Thomas would have testimony to offer and that the testimony could be valuable in the prosecution of the case. Granger cannot credibly claim that he had no knowledge of the State's intention to use this witness and, thus, should have reasonably anticipated that the witness would testify, not as a witness to the murder but to events leading up to the murder. *See DePena*, 148 S.W.3d at 467; *Harden*, 20 S.W.3d at 88. We cannot conclude that the trial court abused its discretion, and we will not disturb the court's admission of the testimony. *See Martinez*, 867 S.W.2d at 39.

We overrule Granger's second issue.

## III. ADMISSION OF TESTIMONY CONCERNING EXTRANEOUS LAW ENFORCEMENT CONTACT

In his third issue, Granger claims that the trial court erred in allowing the State to elicit non-responsive testimony that concerned extraneous law enforcement contact. He directs this Court to the testimony of Detective Keith Breiner of the Beaumont Police

Department. When the State asked Detective Breiner if he was familiar with Granger, he responded, "Yes. Cedric and I have dealt with each other since he was a juvenile." Granger's counsel immediately objected to this testimony as nonresponsive. The trial court overruled his objection.

On appeal, citing to rules of evidence 401, 402, and 404, Granger argues the trial court erred in admitting this testimony because the "basis of his knowledge was not relevant to whether or not the officer knew [Granger] and could identify him" and because it caused unfair prejudice. *See* Tex. R. Evid. 401, 402, 404. Granger's objection at trial based on nonresponsiveness does not comport with the relevancy and extraneous-offense objections argued on appeal. *See id.*; Tex. R. App. P. 33.1. So Granger has waived any error. *See Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993) (en banc) (explaining that nothing was preserved for appellate review where the appellant objected at trial to testimony on a relevancy basis but complained on appeal that it was inadmissible extraneous offense testimony); *see also Myers v. State*, No. 09-98-00141-CR, 1999 WL 1043970, at *2 (Tex. App.—Beaumont Nov. 17, 1999, no pet.) (not designated for publication) (per curiam) ("Myers' relevancy objection does not preserve error concerning a Rule 404 extraneous offense claim."). We overrule Granger's third issue.

## IV. RIGHT TO REMAIN SILENT

By his fourth issue, Granger contends that the trial court erred in allowing the State to abrogate his Fifth Amendment right to remain silent during the punishment phase of the trial. We disagree.

During direct examination, Granger testified that he had suffered "[s]exual abuse,

7

physical abuse, . . . being molested by [his] dad as a child." On cross-examination of this testimony, the following exchange occurred between the prosecutor and Granger:

> Q. Cedric, sounds like you are talking out of both sides of your mouth, man. First you say your dad is a great man. He did all this stuff for you. Then we hear for the first time today he sexually assaulted you; is that right?
>
> A. Yes, sir.
>
> Q. So, why today? Why today all of a sudden you got an outcry your dad sexually assaulted you?
>
>     [DEFENSE COUNSEL]: Your Honor, we are going to object. We feel like [this is] a comment on my client's [Fifth] Amendment right to remain silent.
>
>     THE COURT: Overruled.
>
> Q. Why are we hearing for the first time today about sexual abuse from your father?
>
> A. That's the first time I took the stand.
>
> Q. Why didn't you tell somebody when this happened when—years ago when this happened?
>
> A. It's in my medical records from Parkside Adolescent when I was at psychiatric. I even talked to the—it's in the psyche records at Spindletop about this happening to me as a child. It's been in the records, but I think that's a doctor/client privilege, if I'm not mistaken. I mean, rights, you know, for the doctor and what we talk about growing up, you know, it's between me and the doctor. So, I don't know why you don't know.
>
> Q. Okay. So, you think it's a doctor/client privilege?
>
> A. I mean, you said you don't know about it, I mean—
>
> Q. You never told—you have never told anybody at the D.A.'s office about it? Have you ever told a police agency about it—Beaumont Police about it?

8

A. I talked to the doctors about it. I don't want to press charges on my dad. This happened when I was young.

While the Fifth Amendment to the United States Constitution prevents the prosecution from commenting on the silence of a defendant who asserts the right to remain silent during his criminal trial, the Fifth Amendment is not violated when a defendant testifies in his own defense and is impeached with his prior silence. *See Cisneros v. State*, 692 S.W.2d 78, 84 (Tex. Crim. App. 1985) (en banc). Nonetheless, after an accused is advised of his *Miranda* rights and invokes his rights, his *post-arrest silence* cannot be used even to impeach his testimony at trial. *See Doyle v. Ohio*, 426 U.S. 610, 619 (1976); *see also Miranda v. Arizona*, 384 U.S. 436, 467–73 (1966). "A comment on a defendant's post-arrest silence is akin to a comment on his failure to testify at trial because it attempts to raise an inference of guilt arising from the invocation of a constitutional right." *Dinkins v. State*, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995) (en banc). However, a defendant's right to remain silent is not violated when the credibility of his trial testimony is impeached with his *pre-arrest silence* or failure to mention exculpatory facts. *See Cisneros*, 692 S.W.2d at 84 (summarizing cases allowing a defendant's testimony regarding pre-arrest silence and distinguishing others).

Here, during direct-examination at the punishment phase of the trial, Granger testified that his father sexually assaulted him as a child. During cross-examination, the prosecutor interrogated Granger as to why he did not tell someone about the assault or assaults when they occurred. The prosecutor asked Granger if he told anyone with the district attorney's office or the Beaumont Police Department about the abuse.

Reading the cross-examination in context, we are satisfied that the questions

9

inquired only into Granger's pre-arrest silence, not any post-arrest silence.   This was not an improper impeachment.   Granger was subject to limited impeachment regarding this pre-arrest silence to test his credibility.   *See, e.g., Ayers v. State*, 606 S.W.2d 936, 940 (Tex. Crim. App. 1980) (en banc) (op. on reh'g) (holding that impeachment with pre-arrest silence is proper when the defendant in a murder case testified that he acted in self-defense and "blacked out," but did not assert those facts in his pre-arrest statement to police officers); *Marshall v. State*, 471 S.W.2d 67, 70 (Tex. Crim. App. 1971) (concluding that impeachment with pre-arrest silence is proper when the defendant in a murder case waived his right to remain silent at trial and testified that the homicide was an accident, but failed to tell the police the homicide was an accident before he was arrested).   Assuming without deciding that Granger's failure to raise these asserted sexual assaults implicates his Fifth Amendment rights, we conclude such impeachment did not violate Granger's right against self-incrimination.   We overrule Granger's fourth issue.

## V.  CONCLUSION

We affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 12th
day of September, 2013.